UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DAVID AGUIRRE, Individually and on
Behalf of Similarly Situated Individuals,  §
                                            §
    *Plaintiff*,                               §
                                            §
v.                                          §    CIVIL ACTION H-16-2611
                                            §
TASTEE KREME #2, Inc. and VAHID KARAMI,     §
                                            §
    *Defendants*.                             §

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a memorandum, recommendation, and order filed by Magistrate Judge Nancy Johnson ("M&R"). Dkt. 36. The M&R recommends granting plaintiff David Aguirre's motion to conditionally certify a Fair Labor Standards Act ("FLSA") class. *Id.* Defendants Tastee Kreme #2, Inc. ("Tastee") and Vahid Karami filed objections to the M&R. Dkt. 38. After considering the M&R, related documents, objections, and the applicable law, the court is of the opinion that the objections should be SUSTAINED IN PART and OVERRULED IN PART.

**I. BACKGROUND**

This is an FLSA case. Aguirre claims that Tastee and Karami wrongfully classified him and other similarly situated employees as exempt from FLSA overtime requirements. Dkt. 36. Karami is the director of operations, owner, and manager of Tastee. *Id.* Tastee employs drivers to deliver ice cream to gas stations and convenience stores and perform various services related to Tastee's products at the delivery locations. *Id.* Aguirre contends that he was a driver for Tastee and that from the time period of July 26, 2013, through January 2016, Tastee did not provide overtime pay to him

and other Tastee drivers who worked more than forty hours a week. Dkt. 14. According to Aguirre, Tastee wrongfully classified him and the other drivers as outside salesmen who were exempt from the FLSA overtime requirements even though he and the other drivers do not make "sales" within the meaning of the FLSA. *Id.* Aguirre filed a complaint against Tastee and Karami on behalf of himself and other similarly situated individuals on August 26, 2016. Dkts. 1, 36. Five other Tastee employees or previous employees have opted into this lawsuit. Dkts. 3–5, 35, 37.

The court referred all pretrial management of this case to Magistrate Judge Nancy K. Johnson pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 7. On December 20, 2016, Aguiree filed a motion for conditional certification of a collective action under the FLSA. Dkt. 22. Tastee and Karami filed a response and objections to Aguirre's proposed notice to potential collective action members, and Aguirre filed a reply. Dkts. 27, 28, 30. The Magistrate Judge filed an M&R on April 13, 2017. Dkt. 36. She recommends conditionally certifying the collective action and approving the proposed notice, with minor changes. *See id.*

Tastee and Karami timely filed objections to the M&R. Dkt. 38. They contend that the Magistrate Judge erred in the following ways: (1) refusing to strike defective evidence submitted by Aguirre; (2) accepting Aguirre's claim that he is a delivery driver; (3) failing to require Aguirre to show other employees are similarly situated and want to join the lawsuit; (4) recommending that the court allow claims after the date Tastee started paying all drivers an hourly rate; (5) defining the class; (6) approving the notice and allowing a three-year notice period; (7) approving notice methods; and (8) allowing putative class members to use electronic signatures on opt-in notices. *Id.* Aguirre did not file a response to the objections, which are not ripe for disposition.

## II. LEGAL STANDARDS

### A. Review of an M&R

A party may file objections to a nondispositive motion within fourteen days of being served with a copy of a written order. Fed. R. Civ. P. 72(a). Upon the filing of timely objections, the court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A). The court must review factual findings under a clearly erroneous standard and legal conclusions de novo. *Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014).

### B. Conditional Certification

Section 207(a) of the FLSA requires covered employers to compensate nonexempt employees at overtime rates for time worked in excess of statutorily defined maximum hours. 29 U.S.C. § 207(a). Section 216(b) creates a cause of action against employers who violate the overtime compensation requirements. 29 U.S.C. § 216(b). Section 216(b) also permits an employee to bring a collective action lawsuit against an employer on "behalf of himself . . . and other employees similarly situated." 29 U.S.C. § 216(b). Employees who wish to participate in a § 216(b) collective action must affirmatively "opt in" by filing a written consent to become a party with the court . *Id.* The "opt-in" procedure of § 216(b) illustrates its "fundamental, irreconcilable difference" from a class action under Federal Rule of Civil Procedure 23(c); in a Rule 23 proceeding, persons within the class description are automatically considered class members and must "opt out" of the suit if they do not wish to participate. *LaChapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 288 (5th Cir. 1975).

The Fifth Circuit has declined to adopt a specific test to determine when a court should certify a class or grant notice in a § 216(b) action, but most federal courts (including this court) have

adopted the *Lusardi* test. *See Mooney*, 54 F.3d at 1214 (discussing but declining to adopt the test applied in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987)); *Badgett v. Tex. Taco Cabana, L.P.*, No. H-05-3624, 2006 WL 2934265, at *1–2 (S.D. Tex. Oct. 12, 2006). Under the *Lusardi* test, a district court approaches the question of whether the potential plaintiffs are "similarly situated" through a two-stage analysis: the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1213. At the notice stage, the court makes a decision, usually solely based on the pleadings and any submitted affidavits, whether to certify the class conditionally and give notice to potential class members. *See Mooney*, 54 F.3d at 1213. The decision is made using a "fairly lenient standard," because the court often has minimal evidence at this stage of the litigation. *Id.* at 1214. Courts, in fact, "appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." *Id.* (quoting *Sperling*, 118 F.R.D. at 407). Thus, the notice stage analysis typically results in conditional certification of a representative class. *Badgett*, 2006 WL 2934265, at *1. After conditional certification, the "putative class members are given notice and the opportunity to 'opt-in'" and the case proceeds as a representative action. *Mooney*, 54 F.3d at 1214.

The second stage of the *Lusardi* approach—the "decertification stage"—is typically precipitated by the defendant filing a motion to decertify after the opt-in period has concluded and discovery is largely complete. *Id.* "At this stage, the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question." *Id.* If the court finds the claimants are no longer made up of similarly situated persons, it decertifies the class and dismisses the opt-in plaintiffs without prejudice. *Id.* If the class is still similarly situated, the court allows the collective action to proceed. *Id.*

A "decision to certify, even if subject to correction at the decertification stage, is not without

consequences." *Lang v. DirecTV, Inc.*, No. No. 10-1085, 2011 WL 6934607, at *6 (E.D. La. Dec. 30, 2011) (citations omitted). "Too much leniency at the notice stage can lead to a 'frivolous fishing expedition conducted by the plaintiff at the employer's expense'" and "extreme leniency at the notice stage can result in conditional certification that must later be revoked at the eve of trial . . . when it becomes obvious that manageability concerns make collective action impossible." *Id.* For this reason, in cases in which parties have had the opportunity to conduct discovery prior to filing the motion for notice and conditional certification, some courts apply a more stringent inquiry. *See, e.g.*, *McKnight v. D. Hous., Inc.*, 756 F. Supp. 2d 794, 802–03 (S.D. Tex. 2010) (Rosenthal, J.) (noting that courts may increase the plaintiffs' burden at the notice stage if discovery is largely complete); *Basco v. Wal-Mart Stores, Inc.*, No. 00-3184, 2004 WL 1497709, at *4 (E.D. La. Jul. 2, 2004) ("[I]n light of the substantial discovery that has occurred in this matter, the Court will consider the criteria for both the first and second steps in deciding whether it should certify this matter."). If there has been extensive discovery, some courts collapse the *Lusardi* two-stage process and subject the plaintiffs to the more stringent second-stage burden. *See, e.g.*, *Harris v. FFE Transp. Servs., Inc.*, No. 3:05-CV-0077-P, 2006 U.S. Dist. Court LEXIS 51437, at *7 (N.D. Tex. May 15, 2006) (applying the second stage of the *Lusardi* approach after the court gave the parties seven months to conduct discovery related to the certification issue); *Pfohl v. Farmers Ins. Grp.*, No. CV03-3080 DT (RCX), 2004 WL 554834, at *2–3 (C.D. Cal. Mar. 1, 2004). However, it is only appropriate to increase the plaintiffs' burden "after discovery is largely complete and the matter is ready for trial." *Mooney*, 54 F.3d at 1214; M*cKnight*, 756 F. Supp. 2d at 802–03.

### III. ANALYSIS

The court will first address Tastee and Karami's evidentiary objections. It will then consider the objections related to the Magistrate Judge's recommendation to conditionally certify the collective action and the objections related to the proposed substance and logistics of issuing notice.

### A.   Evidentiary Objections

In their response to the motion to conditionally certify, Tastee and Karami objected to the declarations Aguirre submitted in favor of his motion as containing misstatements, being misleading, and not being based on personal knowledge. Dkt. 27. The Magistrate Judge overruled these objections, reasoning that the declarants had worked for Tastee long enough to base their declarations on personal knowledge, and that any disputes about the substantive issues raised in the declarations should be considered at later stages of the litigation. Dkt. 36. She noted that Tastee and Karami's objections related to whether the declarants were exempt from the FLSA, and exemptions are merits-based defenses and not typically considered at the notice stage. *Id.*

First, the court notes that Tastee and Karami submit additional new evidence obtained during discovery to support their assertions regarding Aguirre's declaration. *See* Dkt. 38 & Exs. The court has discretion to consider the additional evidence even though it was not presented to the Magistrate Judge. *See Freeman v. Cnty. of Bexar*, 142 F.3d 848, 852 (5th Cir. 1998) ("[I]t is clear that the district court has wide discretion to consider and reconsider the magistrate judge's recommendation. In the course of performing its open-ended review, the district court need not reject newly-proffered evidence simply because it was not presented to the magistrate judge. Litigants may not, however, use the magistrate judge as a mere sounding-board for the sufficiency of the evidence."). In this case, the additional evidence was not available during the original round of briefing. The court thus

finds, in the interest of justice and judicial efficiency, that it makes sense under the facts of this case to exercise the court's discretion and consider the testimony.

### 1. Objections to Aguirre's Declaration

Tastee and Karami argue that the Magistrate Judge erred in relying on Aguirre's declaration when it contained falsehoods and factual misstatements, was not based on personal knowledge, and was supported only by self-serving statements. Dkt. 38 at 8. Aguirre stated in his declaration that he had never been "paid overtime for all the hours [he] worked in excess of 40 hours a week since 2008." Dkt. 22-1 ¶ 10. Tastee and Karami argue that this statement is clearly false because Aguirre was paid overtime beginning in February 2016. *Id.* at 9. Aguirre admitted during his deposition, which took place after the motion to conditionally certify the collective action was filed, that he has been paid overtime "since February of 2016." *Id.*; *see also* Dkt. 38, Ex. B at 111, 134 (Aguirre Dep. (Apr. 12, 2017)) (agreeing that he had been paid overtime since February 2016). Tastee and Karami also provide various examples of Aguirre stating during his deposition that he had not had any conversations with other drivers about whether they were paid overtime even though he stated in his declaration that he knew other route drivers were not paid overtime. Dkt. 38 at 10 n.40 (quoting Aguirre's deposition and declaration).

Usually, conflicts between a deposition and declaration occur when a party submits a sham affidavit or declaration that contradicts prior deposition testimony in an effort to create an issue of material fact and survive summary judgment. "A court may determine that an affidavit [or declaration] is a sham when it contradicts previous deposition testimony and the party submitting the affidavit [or declaration] does not give any valid explanation for the contradiction." *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (5th Cir. 2010). In those cases, the deposition testimony "should not automatically be disregarded." *Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F. Supp. 2d

732, 750 (S.D. Tex. 2012) (Rosenthal, J.). Instead, courts "consider 'if sufficiently persuasive reasons are given [for the change in testimony], if the proposed amendments truly reflect the original deponent's original testimony, or if other circumstances satisfy the court that amendment should be permitted.'" *Id.* (quoting *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 270 (3d Cir. 2010)). The sham-affidavit rule "is applied sparingly because of the harsh effect it may have on a party's case." *Latimer*, 601 F.3d at 1237 (citations and quotation omitted).

Here, Aguirre has not offered an explanation for the conflicting testimony. The court finds that the best course is to *not* consider any of the statements that clearly conflict with Aguirre's deposition testimony when determining whether the motion to conditionally certify the collective action should be granted. Thus, after considering the new evidence that was not considered by the Magistrate Judge, Tastee and Karami's objection to Aguirre's declaration is SUSTAINED IN PART. The court will not consider Aguirre's statements that other drivers were not paid overtime and that Aguirre did not receive overtime after February 2016. To the extent Tastee and Karami assert other objections to Aguirre's declaration, they are OVERRULED for the reasons stated in the M&R.

2. **Objections to Jorge Fernandez's and Joventino Machado's Declarations**

In their response to the motion to conditionally certify, Tastee and Karami posed similar objections to two other declarations Aguirre submitted in support of his motion—the declarations of Jorge Fernandez and Joventino Machado. Dkt. 38. The Magistrate Judge overruled Tastee and Karami's objections, finding that the declarants had worked for Tastee long enough to have personal knowledge of their work environment and that much of the purported false information was irrelevant at the notice stage because it related to whether the employees were exempt from the FLSA, which is not pertinent to a decision to conditionally certify a collective action. Dkt. 36. The

Magistrate Judge also noted that the declarations were sufficiently detailed about the roles of the declarants to demonstrate the factual basis of their personal knowledge. *See id.*

Tastee and Karami contend that Fernandez's statement that he knew other delivery drivers were never paid overtime is not supported as he did not identify any individual with whom he allegedly spoke about overtime and because the statements are clearly based on inadmissible hearsay. Dkt. 38. Similarly, they contend that Machado's declaration is defective because he states he based his statements on his experience and conversations with other fellow route drivers and his observations of other drivers at the warehouse at night and in the morning. *Id.*

The court has conducted a *de novo* review and agrees with the Magistrate Judge's conclusions regarding these declarations. Tastee and Karami have not provided any evidence or arguments not considered by the Magistrate Judge. The objections are OVERRULED.

**B.    Motion to Conditionally Certify**

The Magistrate Judge recommended conditional certification, finding that the evidence submitted by Aguirre demonstrates "the existence of aggrieved individuals who were harmed by Defendants' policy to exempt them from overtime pay." Dkt. 36 at 16. Additionally, she determined that the submitted sworn statements indicate that the declarants held the same position, worked similar hours, had the same job responsibilities, and were paid in the same manner. *Id.* She held that this evidence indicates that putative class members are similarly situated. *Id.* Tastee and Karami object to this finding because the Magistrate Judge (1) did not require evidence that other similarly situated individuals want to opt in; (2) relied on Aguirre's faulty declaration; (3) relied on Emilio Ruiz's declaration even though he is not similarly situated; (4) allowed the class to encompass dates after they started paying similarly situated Tastee employees overtime. The court will address these objections *in seriatim*.

### 1. Similarly Situated Individuals Wanting to Opt In

Tastee and Karami contend that the Magistrate Judge erred in recommending conditional certification because Aguirre failed to provide substantial allegations that the putative class members were similarly situated and that they wanted to opt in to the lawsuit. Dkt. 38. The Magistrate Judge noted that district courts are split on whether to require evidence that similarly situated individuals actually want to join the lawsuit as opposed to just showing that "there may be other aggrieved individuals who should be noticed." Dkt. 36 at 10. She determined that a showing that the similarly aggrieved individuals want to join the lawsuit is not statutorily required. *Id.* Tastee and Karami assert that this ruling is incorrect and cite various district court opinions that held differently. Dkt. 38 at 18 (collecting cases supporting their position). The court need not decide this issue because in this case there is evidence that other individuals want to opt in; other individuals have, in fact, already opted in. *See* Dkts. 3, 4, 5, 37. Additionally, the submitted declarations clearly indicate that there other similarly situated individuals. *See* Dkts. 22-1, 22-2, 22-3. Accordingly, these objections are OVERRULED.

### 2. Aguirre's Declaration

Tastee and Karami also object that the Magistrate Judge should not have recommended conditional certification because she relied on the faulty declaration submitted by Aguirre. Dkt. 38. Tastee and Karami contend that the Magistrate Judge would not have been able to find that Aguirre had met his burden of showing that there are other similarly situated individuals if she had not relied on this evidence. *Id.* As noted above, the court does not rely on Aguirre's statements that other drivers were not paid overtime and that Aguirre did not receive overtime after February 2016. However, even without these statements, given the fact that others have already opted in, described job functions similar to Aguirre's, and asserted that they did not receive overtime, the court finds that

Aguirre has met his burden of showing that "substantial allegations that putative class members were together the victims of a single decision, policy or plan." Accordingly, Tastee and Karami's objection is OVERRULED.

3. **Emilio Ruiz's Declaration**

Tastee and Karami next object that the Magistrate Judge erred by refusing to consider the merits of their arguments that one of the opt-in plaintiffs, Emilio Ruiz, is clearly dissimilar to the others. Dkt. 38 at 18. The Magistrate Judge stated that this argument was premature, as the court does not consider the merits of each claim at the conditional certification state. Dkt. 36 at 15. The court agrees. Even if Ruiz is not similarly situated, there is enough evidence that there are similarly situated individuals, so the arguments about his dissimilarity do not influence the outcome. This objection is OVERRULED.

4. **Change in Pay Policy**

Next, Tastee and Karami contend that the Magistrate Judge erred in failing to follow this court's decision in *Walker v. Honghua America LLC*, 870 F. Supp. 2d 463, 472–73 (S.D. Tex. 2012) (Ellison, J.). They point out that the evidence clearly demonstrates that Tastee changed its pay policy in February 2016 and that, in accordance with *Walker*, the court must find that those employed after February 2016 are not similarly situated to the plaintiffs in this case. In *Walker*, Judge Ellison ruled that the employees who were employed after the employer changed its pay policy were not similarly situated to employees employed prior to the change. 870 F. Supp. 2d at 472–73. The Magistrate Judge distinguished *Walker*, noting that "regardless of the change in the way the delivery drivers were paid, if they were not paid overtime, then they are similarly situated." Dkt. 36 at 18.

First, the court notes that Aguirre agreed in his deposition, which was only available to the court after the M&R was issued, that he had been paid overtime since February 2016. Dkt. 38, Ex. B

at 134. He then goes back and forth about whether he was paid overtime after February 2016. *See id.* at 134–36. The court finds that the best course, given this conflicting evidence, is to confine the class to the claims regarding Tastee's pay practices prior to February 2016. Accordingly, Tastee and Karami's objection to this aspect of the M&R is SUSTAINED.

C.  **Class Definition and Notice**

Tastee and Karami assert several objections to the class definition and notice approved by the Magistrate Judge. With regard to the definition, they take issue with the definition of the class as referring to "delivery drivers" rather than "sales managers" or "sales merchandisers." Dkt. 38. With regard to the notice, they contend that the Magistrate Judge erred in allowing a three-year notice period, allowing a notice that suggests the defendants will retaliate, allowing the notice be sent to employees of parties other than Tastee, allowing notice be posted in the workplace, and overruling their objection to the use of electronic signatures. *Id.* The court will consider each of these objections in turn.

1.  **Objection to "Delivery Driver"**

The Magistrate Judge referred to Aguirre and the opt-in plaintiffs as "delivery drivers" and approved a proposed definition of the putative class that uses that term. Dkt. 36. Tastee and Karami argue that the Magistrate Judge erred in not crediting Karami's sworn statement that Tastee does not employ drivers and instead completely deferred to the affidavits submitted by Aguirre that claim that the individuals who want to opt in are "delivery drivers." Dkt. 38 at 16. They argue that the "faulty terminology . . . places the Court in the stance of not being able to ascertain who is a member of the purported class." *Id.* Tastee and Karami assert that Aguirre is deliberately misstating his own position in an effort to gain certification.

The proposed class is currently defined as: "All current and former ice cream delivery drivers or route drivers employed by the Defendants." Dkt. 36 (M&R) at 4 (citing the motion to certify the class). The notice is addressed to: "All current and former ice cream delivery drivers or route drivers ('Delivery Drivers') who were employed by Tastee Kreme #2, INC., and Vahid Karami ('Tastee Kreme') during the period August 26, 2013 through August 26, 2016." Dkt. 22-4 (proposed notice). The Magistrate Judge considered Tastee and Karami's argument that Aguirre and the opt-in plaintiffs were not delivery drivers but sales managers. *Id.* at 17. She noted that Aguirre was not opposed to including the term "sales manager" in the proposed class, but determined that since Aguirre's evidence discusses only to "delivery drivers," an expansion of the class to include "sales managers" would not be appropriate. *Id.*

Aguirre refers to himself as a "route driver" in his declaration. *See* Dkt. 22-1 ¶ 2. He asserts that his job included delivering ice cream to stores, cleaning ice cream freezers, restocking ice cream, and collecting money. *Id.* ¶ 4. Opt-in plaintiff Jorge Fernandez referred to himself in his declaration as a "driver and delivery man" and "delivery driver." Dkt. 22-2 ¶¶ 2-3. Like Aguirre, he noted that he would drive to the locations, restock the freezer, clean the freezer, and collect money each day. *Id.* ¶ 8. Opt-in plaintiff Joventino Machado referred to himself as a "route driver" and describes similar duties. Dkt. 22-3 ¶¶ 5, 13.

Karami's declaration states that Tastee employs "sales merchandisers" whose "primary job is to sell the products [Tastee] distribute[s] to [its] customers." Dkt. 33-1 ¶ 5. He notes that the sales merchandisers "are customarily required to travel around to stores in their respective territories to visit [Tastee's] customers and make sales." *Id.* He then goes on the describe how, as a sales merchandiser, Aguirre would visit 174 stores in two weeks. *Id.* ¶ 6. He notes that the sales

merchandisers would pick up a pre-loaded truck containing $5,000 to $6,000 worth of ice cream every day and that they would sell the ice cream to the customers they visited. *Id.* ¶ 7.

While the court concurs with the Magistrate Judge's point that it makes no sense to tag on the title "sales merchandiser" or "sales manager" to the class definition when Aguirre did not provide any evidence using that name, the court also is not interested in engaging in an exercise of futility if the class is improperly defined to include a job title that does not formally exist at the company. The court finds that the best way to remedy this is to amend the class definition to indicate that it is describing the job the putative class performed instead of the actual name of the position. In accordance with the discussion above, the court also finds that changing the date to exclude dates after the pay policy change is appropriate.

The court proposes the following class definition:

> All current and former employees of Tastee Kreme #2, INC., and Vahid Karami (collectively, "Tastee Kreme") who, during the period of August 26, 2013 through February 2016, drove on assigned routes to different stores and delivered or sold ice cream to the stores on their routes.

Since the court has redefined the class, the parties may file objections to this proposal within five days of the date of this order. The objections shall not exceed five pages. The court will rule on any objections on an expedited basis.

### 2. Three-Year Notice Period

The Magistrate Judge noted that the "'well-established precedent of the Southern District of Texas indicates that, where a plaintiff alleges a willful FLSA violation, notice is proper for potential class members employed by the defendant within the full three-year period; FLSA plaintiffs are not required to prove willfulness prior to discovery.'" Dkt. 36 (quoting *Walker*, 870 F. Supp. 2d at 472).

Tastee and Karami acknowledge that a three-year notice period may be available where a plaintiff pleads a willful violation of the FLSA. Dkt. 38. However, they assert, without citation, that Aguirre has deliberately misrepresented key factual allegations to the court and, as such, "should not be allowed to avail himself of the longer period, especially when the timeframe implies willfulness." *Id.* at 21. The court finds such a random sanction inappropriate. This objection is OVERRULED.

### 3. Suggestion Defendants Will Retaliate

The proposed notice contains a section about how Tastee cannot fire an employee who elects to join the lawsuit. Dkt. 22-4. Tastee and Karami object to the following sentence, which is at the end of that section: "If you suspect any retaliation, call the head attorney below at (713)223-8855 extension 2002 immediately and ask to speak to Trang Tran." *Id.* (proposed notice); Dkt. 27 (original response); Dkt. 38 (objections to M&R). Tastee and Karami originally took issue with this sentence because they saw it as an attempt to solicit additional opt-in plaintiffs. Dkt. 36 (M&R). The Magistrate Judge overruled this objection, noting that the potential opt-in plaintiffs should be allowed to know their rights. *Id.* at 20.

Tastee and Karami now argue that this sentence inappropriately implies that they will retaliate. Dkt. 38 at 22. They point out that it only contains contact information for the plaintiff's attorney, which they contend improperly suggests that the hypothetical employee has no choice but to call Aguirre's counsel. *Id.* They argue that the court has a responsibility to refrain from "'stirring up unwarranted litigation.'" *Id.* (quoting *Lentz v. Spanky's Rest. II, Inc.*, 491 F. Supp. 2d 663, 668–69 (N.D. Tex. 2007) (discussing how the court must keep this responsibility in mind when deciding whether a plaintiff has met the requirements for conditional certification)).

While the court certainly does not want to "stir[] up unwarranted litigation," it is not concerned that the cited sentence will do so. It merely gives employees an option should they suspect retaliation. The objection to this sentence is OVERRULED.

### 4. Notice to Non-Tastee Employees

The consent form attached to the proposed notice contains a blank space for individuals who are consenting to join the case to fill in "Locations Worked for Tastee Kreme." Dkt. 22-4 at 3. Tastee and Karami point out that the complaint is on behalf of employees working at Tastee Kreme #2, Inc., which is the only location owned by Karami. Dkt. 38. Tastee and Karami object to this blank on the consent form because the only location that matters is Tastee Kreme #2, Inc., located in Houston, Texas. *See id.*

The Magistrate Judge noted this objection in the M&R and reminded the parties that the lawsuit is confined to employees of Tastee Kreme #2. Dkt. 36 at 21. She determined that inclusion of the blank could still be helpful, as it will help determine where potential opt-ins are working. *Id.* at 22. She thus held that the plaintiff could keep this blank in the proposed notice. *Id.*

The court, like the Magistrate Judge, agrees that the information could be helpful and that it in no way expands the class, which is limited to employees of Tastee Kreme #2. The inclusion of this blank in the notice form does not mean that the notice may be sent to employees at other locations who have not been employed by Tastee Kreme #2. The objection is OVERRULED.

### 5. Posting in the Workplace

The Magistrate Judge held that Aguirre could post the notice in "Tastee Kreme #2 workplace(s)." Dkt. 36 at 24. She noted that the workplace "includes warehouses where the trucks are stored when they are not out for delivery, where the ice cream products are stored before being loaded on trucks for delivery and where the trucks are washed." *Id.* Tastee and Karami object to this

16

holding, asserting that the court should "reject the Magistrate Judge's expansive definition of Tastee Kreme #2, Inc.'s workplace." Dkt. 38 at 23. Tastee and Karami argue that the only workplace is the warehouse and that nobody has argued otherwise. *Id.* They also assert that the potential class members perform most of their work outside of the Tastee warehouse and that posting it there would be ineffective. *Id.* at 23–24. Additionally, they contend that requiring the notice be posted at the warehouse where the ice cream products are stored would create a risk of prejudice to the defendants because it would subject them to unwarranted litigation from employees who work in other capacities. *Id.* at 24.

The court is unpersuaded by any of these arguments. The Magistrate Judge's description of places that could be considered the "workplace" is appropriate given the descriptions of the work functions the putative class members have indicated they perform. The class description on the notice, as modified by this order, adequately describes the workers to whom it pertains and thus will not be confusing to employees who have other job functions. As to the concern that it would be ineffective to post the notice in the defined workplace, this is just one means of notice, so the court is not concerned. This objection is OVERRULED.

### 6. Electronic Signatures

The Magistrate Judge overruled the defendants' objection to the opt-in plaintiffs being able to sign consent forms electronically. Dkt. 36 at 25–26. Tastee and Karami acknowledge that there is precedent allowing the use of electronic signatures, but they urge the court to not allow them in this case. Dkt. 38 at 24–25. They argue that there is no way of knowing whether the potential plaintiff actually signed the form and that having no safeguards against fraud will unnecessarily prejudice them. *Id.* at 25. The court, however, is unconvinced by these arguments. The court finds that allowing electronic signatures is appropriate for the reasons outlined in the Magistrate Judge's

opinion. *See* Dkt. 36 at 25–26. Tastee and Karami's objection to electronic signatures is OVERRULED.

### IV. CONCLUSION

Tastee and Karami's objections are SUSTAINED IN PART and OVERRULED IN PART. Specifically, the objection to the statements in Aguirre's declaration that other drivers were not paid overtime and that Aguirre did not receive overtime after February 2016 is SUSTAINED; the court did not consider these statements in making its rulings. Additionally, the objection to including dates after February 2016 in timeframe in the class definition is SUSTAINED IN PART; the class is confined to those impacted by Tastee's pay practices prior to February 2016. The objection to the use of the term "delivery drivers" as opposed to "sales managers" is also SUSTAINED IN PART, in that the court has modified the class definition so that it does not include an actual job title. The parties may file objections to the new class definition within five days of the date of this order. The objections shall not exceed five pages.

All other objections are OVERRULED. If no party objects to the redefined class within five days of the date of this order, the parties shall abide by the timeline set forth in the M&R with regard to contact information, issuing notice, posting notice, and the opt-in period.

Signed at Houston, Texas on May 31, 2017.

_____
Gray H. Miller
United States District Judge