United States District Court
Southern District of Texas
**ENTERED**
July 28, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID AGUIRRE, individually, and on behalf of those similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-2611 |
| TASTEE KREME #2, INC., and VAHID KARAMI, | § § § | |
| Defendants. | § § | |

**MEMORANDUM AND RECOMMENDATION**

Pending before the court[1] is Plaintiff David Aguirre's ("Plaintiff") Motion to Strike Defendants' Affirmative Defenses (Doc. 21). The court has considered the motion, Defendants Tastee Kreme #2, Inc. ("Tastee Kreme") and Vahid Karami's ("Karami") (collectively, "Defendants") response (Doc. 32), Plaintiff's reply (Doc. 34), all other filings, and the applicable law. For the reasons set forth below, the court **RECOMMENDS** that Plaintiff's Motion to Strike be **GRANTED IN PART AND DENIED IN PART.**

Plaintiff filed this action against Defendants under the Fair Labor Standards Act ("FLSA"),[2] alleging that Defendants wrongfully classified him and other similarly situated employees as exempt

---

[1] This case was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72. See Doc. 7, Ord. Dated Aug. 31, 2016.

[2] See 29 U.S.C. §§ 201-219.

from overtime requirements.[3]  Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, Plaintiff has moved to strike Defendants' affirmative defenses.[4]

In a Rule 12(f) motion, the court may strike from any pleading an "insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[Motions to strike] are viewed with disfavor and infrequently granted, both because striking portions of pleadings is a drastic remedy and because it is often sought by a movant simply as a dilatory tactic."  Am. S. Ins. Co. v. Buckley, 748 F. Supp.2d 610, 626 (E.D. Tex. 2010).

Traditionally, "[a]n affirmative defense is subject to the same pleading requirements as is the complaint."  Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir. 1999)(citing Conley v. Gibson, 355 U.S. 41 (1957)).  At the time Woodfield was decided, the standard for pleadings in the complaint was "fair notice."  Conley v. Gibson, 355 U.S. 41, 47 (1957).  After Woodfield, the Supreme Court heightened the standard for pleadings to require "enough facts to state a claim for relief that is plausible on its face" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The plausibility standard does not

---

[3]  See Doc. 14, Pl.'s 1st Am. Compl.

[4]  See Doc. 21, Pl.'s Mot. to Strike.

require "detailed factual allegations," but it must indicate the plausibility of the claims asserted and raise the "right to relief above speculative level."  Id. at 555; see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009).

District courts are divided about whether the fair notice or the Twombly and Iqbal standard applies.  See, e.g., United States ex rel. Parikh v. Citizens Med. Ctr., 302 F.R.D. 416, 418 (S.D. Tex. 2014), United States v. Brink, Civil Action No. C-10-243, 2011 WL 835828, at *3 (S.D. Tex. Mar. 4, 2011)(unpublished); Herrera v. Utilimap Corp., Civil Action No. H-11-3851, 2012 WL 3527065, at *2 (S.D. Tex. Aug. 14, 2012)(unpublished); E.E.O.C. v. Courtesy Building Servs., Inc., Civil Action No. 3:10-CV-1911-D, 2011 WL 2080408, at *2 (N.D. Tex. Jan. 21, 2011)(unpublished); Joe Hand Promotions, Inc. v. HRA Zone, L.L.C., Civil Action No. A-13-CA-359 LY, 2013 WL 5707810, at *2 (W.D. Tex. Oct. 18, 2013)(unpublished). However, in Parikh, the court cited the following three compelling reasons to utilize the fair notice standard: (1) plaintiffs have more time to prepare their complaints while defendants have twenty-one days to serve an answer, (2) "the text of the rules, and the functional demands of claims and defenses, militate against requiring factual specificity affirmative defenses," (3) and motions to strike "only prolong pre-discovery motion practice; as such, raising the standard for pleading affirmative defenses would only encourage more motions to strike."  302 F.R.D. at 418 (citing

3

Floridia v. DLT 3 Girls, Inc., Civil Action No. 4:11-CV-3624, 2012 WL 1565533, at *2 (S.D. Tex. Mar. 20, 2012)(unpublished)).

In his motion, Plaintiff moves to strike twenty-three of Defendants' twenty-six affirmative defenses. Courts have found that the following affirmative defenses are not available under the FLSA: waiver, estoppel, and unclean hands; failure to mitigate; and doctrine of payment, setoff and/or accord and satisfaction. See Tran v. Thai, Civil Action No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010)(unpublished)(citations omitted)(holding that the doctrines of waiver, estoppel, unclean hands, and laches are generally not applicable to FLSA claims and finding that, "[c]ourts have found that as a matter of law 'there is no requirement to mitigate overtime wages under the FLSA.'"); Perez-Nunez v. North Broward Hosp. Dist., Civil Action No. 008-61583-CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar. 13, 2009)(unpublished)(citations omitted)("[The doctrines of payment, setoff and/or accord and satisfaction] are generally not applicable to FLSA claims.").

The court finds that Defendants' second, third, fourth, eleventh, eighteenth, and twentieth affirmative defenses should be stricken. As to the remaining defenses, regardless of whether the court applies the fair notice or Twombly and Iqbal standard, Defendants' assertion of these defenses is adequate. The court **RECOMMENDS** that Plaintiff's motion to strike be **GRANTED IN PART AND**

**DENIED IN PART.**

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

The original of any written objections shall be filed with the United States District Clerk electronically. Copies of such objections shall be mailed to opposing parties and to the chambers of the undersigned, 515 Rusk, Suite 7019, Houston, Texas 77002.

**SIGNED** in Houston, Texas, this 28th day of July, 2017.

_____
U.S. MAGISTRATE JUDGE