UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID AGUIRRE, Individually and on Behalf of Similarly Situated Individuals, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION H-16-2611 |
| TASTEE KREME #2, Inc. and VAHID KARAMI, | § § § | |
| Defendants. | § § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the court is a memorandum and recommendation filed by Magistrate Judge Nancy Johnson ("M&R"). Dkt. 43. The M&R recommends granting, in part, plaintiff David Aguirre's motion to strike (Dkt. 21) the defendants' affirmative defenses. *Id.* Defendants Tastee Kreme #2, Inc. and Vahid Karami (collectively, "Defendants") filed objections to the Magistrate Judge's recommendation to strike their estoppel (third defense), setoff (eighteenth defense), and payment (twentieth defense) defenses. Dkt. 44. Defendants also object to the M&R because the Magistrate Judge did not rule on their motion to amend their answer. *Id.* After considering the M&R, objections, relevant briefing and evidence, and the applicable law, the court is of the opinion that the objections should be SUSTAINED IN PART and the M&R should be ADOPTED IN PART.

**I. CLEAR ERROR REVIEW**

Defendants did not file any objections to the Magistrate Judge's recommendations that Aguirre's motion to strike be granted as to Defendants' second, fourth and eleventh affirmative defenses. *See* Dkt. 44. District courts review a Magistrate Judge's recommendation for clear error if there is no timely objection to the recommendation. *See* Fed. R. Civ. P. 72, Advisory Committee

Notes ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). After considering the M&R, related documents, and the applicable law, the court is of the opinion that there is no clear error with regard to the portions of the M&R to which Defendants did not raise objections. These portions of the M&R are ADOPTED. Thus, consistent with the Magistrate Judge's recommendation, Aguirre's motion to strike the defendants' second, fourth and eleventh affirmative defenses is GRANTED and these defenses are STRICKEN.

## II. DE NOVO REVIEW

Defendants object to the Magistrate Judge's recommendations with regard to their third, eighteenth, and twentieth affirmative defenses. Dkt. 44. For dispositive matters, district courts "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

### A.   Estoppel

With regard to the third affirmative defense, estoppel, Aguirre argued in his motion to strike that the estoppel defense was insufficiently pled and, regardless, is inapplicable and improper in a Fair Labor Standards Act ("FLSA") case. Dkt. 21. Defendants argued that they are only required to provide fair notice of their defenses and that pleading the name of the defenses was sufficient to afford fair notice. Dkt. 32. Defendants also argued that "the Fifth Circuit has explicitly permitted an employer to rely on estoppel to defend against an employee's FLSA claim." *Id.* (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)). Aguirre replied that he is not requesting equitable relief and that the estoppel claim should accordingly be stricken. Dkt. 34

(citing *Gonzalez v. Spears Holdings, Inc.*, No. 09-60501-CIV, 2009 WL 2391233, at *3 (S.D. Fla. July 31, 2009)). The Magistrate Judge, relying on *Tran v. Thai*, No. H-08-3650, 2010 WL 5232944, at *7 (S.D. Tex. Dec. 16, 2010), held that an estoppel affirmative defense is not available in FLSA cases. Dkt. 43.

According to Defendants, their estoppel defense is based on their argument that Aguirre has admitted he has been paid overtime and that he "lied to this Court by stating in a sworn declaration that he 'was never paid overtime for all the hours [he] worked in excess of 40 hours a week since 2008.'" Dkt. 44. Defendants want to argue that Aguirre is estopped from arguing that he has never been paid overtime, asserting that otherwise Aguirre would be able to "'profit from [his] own wrong.'" *Id.* (quoting *Brumbelow*, 462 F.2d at 1327).

Defendants rely on *Brumbelow*. The FLSA claim in *Brumbelow* was made by an employee who assembled products for her employer out of her home. *Brumbelow*, 462 F.2d at 1327. The employee admitted that "she consistently under-reported hours worked" because she was not able to produce as many parts as the employer expected per hour, and the employee did not want to lose her job. *Id.* The district court granted a directed verdict in the employer's favor, and the Fifth Circuit affirmed, holding that "[o]n the narrow facts of this case, the court correctly granted a direct verdict on the basis that the appellant was estopped and could not profit from her own wrong in furnishing false data to the employer." *Id.*

While the court agrees with the Magistrate Judge that an estoppel defense is generally not available in FLSA cases, the court finds that it is appropriate to allow Defendants to assert their estoppel defense for the very narrow purpose of arguing that Aguirre is estopped from arguing that he was *never* paid overtime. Defendants' objection to the ruling on the estoppel defense is therefore SUSTAINED.

B.     **Setoff and Payment Defenses**

Defendants' eighteenth and twentieth affirmative defenses are credit for setoff and payment. Dkt. 19. Defendants argue that the same facts that justify their estoppel defense permit them to raise the setoff and payment defenses. Dkt. 44. The court finds that since there appears to be some evidence that overtime was paid to some of the plaintiffs at some point, these defenses should be permitted. Accordingly, Defendants' objections to the Magistrate Judge's recommendations relating to the eighteenth and twentieth affirmative defenses are SUSTAINED.

C.     **Motion to Amend Answer**

Defendants' motion to amend was made in the alternative. *See* Dkt. 21. Since the court has sustained all of the other objections made by Defendants, there is no need to rule on the motion to amend.[1]  The objection is therefore OVERRULED.

---

[1] Defendants do not present any argument that amending their answer would remedy the reasons why the Magistrate Judge recommended that their second, fourth, and eleventh defenses be stricken. *See* Dkt. 44 (arguing in general that leave to amend should be freely given and that Defendants request the court grant leave to amend).

### III. CONCLUSION

The M&R is ADOPTED IN PART. It is adopted with regard to the recommendation to strike Defendants' second, fourth, and eleventh affirmative defenses. Aguirre's motion to strike these defenses is GRANTED, and these defenses are STRICKEN. Defendants' objections to the Magistrate Judge's recommendations to strike affirmative defenses three, eighteen, and twenty are SUSTAINED. Aguirre's motion to strike the third, eighteenth, and twentieth affirmative defenses is DENIED. Defendants' objection regarding their alternative motion to amend is OVERRULED.

Signed at Houston, Texas on September 7, 2017.

_____
Gray H. Miller
United States District Judge